**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SANDI CROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15-cv-6032 |
| vs. | ) | |
| | ) | |
| JOHN L. ELIAS, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

## INTRODUCTION

1.      Plaintiff Sandi Crow brings this action to secure redress from unlawful collection practices engaged in by defendant John L. Elias.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      The FDCPA also restricts the place where legal actions to collect debts can be filed to the judicial district or similar legal entity where the consumer signed a written contract on which the action is based or resided at the time the action was taken.   15 U.S.C. §1692i; *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir., en banc, July 2, 2014).

## VENUE AND JURISDICTION

4.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C.

§1331 (general federal question), and 28 U.S.C. §1337 (interstate commerce).

5.     Venue and personal jurisdiction in this District are proper because:

a.     Defendant's collection activities impacted plaintiff within this District;

b.     Defendant is located within this District.

## PARTIES

6.     Plaintiff Sandi Crow is an individual who, at all relevant times, resided in Country Club Hills, Illinois.

7.     Defendant John L. Elias is an attorney with offices at 8 S. Michigan, Suite 2800, Chicago, IL 60603.

8.     Defendant John L. Elias is engaged in the business of collecting allegedly defaulted consumer debts originally owed to others and incurred for personal, family or household purposes.

9.     Many or all of the debts John L. Elias collects, including plaintiff's, are residential lease debts, obtained for the purpose of housing.

10.     Defendant states on his web site:

**Contact your local Chicago, Illinois Kick'em Out Quick® Member Eviction Attorney & Landlord Tenant Lawyer for a Free Initial Consultation.**

**They understand the complicated Illinois Eviction Process and will attempt to evict your non-paying or nuisance tenant(s) just as quickly as the law allows.**

**We also offer free Chicago, Illinois Eviction Forms & Notices and an explanation of the Chicago, Illinois Eviction Process.**

**And don't forget after you Kick'em Out - Make'em Pay®! Submit your Tenant Collection or Judgment (including Attorney fees) online in the Collection section of this web site.**

(www.kickemoutquick.com/CHICAGO_EVICTION_ATTORNEY.html):

11.     Defendant John L. Elias regularly uses the mails and telephones in the process of collecting debts.

12.     Defendant John L. Elias is a "debt collector" as defined in the FDCPA.

**FACTS RELATING TO SANDI CROW**

13.     This action concerns attempts to collect from Sandi Crow a residential lease debt incurred for personal, family or household purposes and not for business purposes.

14.     The lease was signed in Country Club Hills, Illinois and concerned the rental of premises in Country Club Hills, Illinois, for use as a residence.

15.     On September 9, 2014, John L. Elias filed suit against Sandi Crow in the First Municipal District of the Circuit Court of Cook County seeking both eviction and to collect the alleged debt.

16.     The First Municipal District covers the City of Chicago.  There are five other Municipal Districts which cover the suburbs.

17.     Sandi Crow did not reside in the City of Chicago when the action was filed.

**FACTS – GENERAL**

18.     It is the policy and practice of John L. Elias to file collection lawsuits in a Municipal District other than one in which the consumer lives at the time the action was filed or signed a contract on which the action is based.

**COUNT I – FDCPA**

19.     Plaintiff incorporates paragraphs 1-18.

20.     Defendant's practice of filing small claims cases, taking judgments, commencing

enforcement proceedings, and having orders entered in enforcement proceedings in a Municipal

District in which the debtor neither resides nor signed a contract on which the action is based

violates 15 U.S.C. §1692i. *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir., en banc, July

2, 2014).

    21.    Section 1692i provides:

> **§ 1692i.    Legal actions by debt collectors [Section 811 of P.L.]**
>
> **(a) Any debt collector who brings any legal action on a debt against any consumer shall--**
>
>> **(1)    in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or**
>>
>> **(2)    in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity--**
>>
>>> **(A)    in which such consumer signed the contract sued upon; or**
>>>
>>> **(B)    in which such consumer resides at the commencement of the action.**
>
> **(b) Nothing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors.**

    WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and

against defendant for:

        (1)    Statutory damages;

        (2)    Attorney's fees, litigation expenses and costs of suit;

        (3)    Such other or further relief as the Court deems proper.

4

s/Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Daniel A. Edelman